**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MARLON GREEN, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:17-CV-1032-D (BH) |
| ) | |
| STATE FARM, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**ORDER**

Pursuant to *Special Order No. 3-251*, this pro so case was automatically referred for judicial screening. Before the Court are the plaintiff's *Motion for extension of time*, and *Motion for Summary Judgment,* filed June 1, 2017 (doc. 6).

**I.**

On May 15, 2017, it was recommended that this action be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court because the plaintiff had failed to file an amended complaint and either pay the filing fee or file an application to proceed *in forma pauperis* (IFP). (*See* doc. 5.) Based on the motion for an extension of time, the May 15, 2017 findings, conclusions, and recommendation for dismissal are hereby **VACATED**.

**II.**

The motion for an extension of time is **GRANTED in part.** The plaintiff **must** file an amended complaint and either pay the filing fee or file his IFP application within fourteen (14) days of the date of this order.

**III.**

"'[T]here is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw.'" *Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997) (citing *Strickland v. Rankin County Corr. Facility,* 105 F.3d 972, 975 (5th

Cir.1997) and *Startti v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969)). A non-prisoner party may be granted leave to proceed without payment of fees, however, upon a showing by affidavit of an inability to pay the filing fee. *See* 28 U.S.C. § 1915. Where a non-prisoner party is granted leave to proceed without payment of fees, § 1915(e)(2)(B) provides for mandatory judicial screening of the complaint and *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." *See See Nixon v. GMAC Mortg. Corp.,* 408 Fed. App'x 833, 834 (5th Cir. 2011) (citing *Newsome v. EEOC,* 301 F.3d 227, 233 (5th Cir.2002)(applying § 1915(e)(2)(B)(i) to a non-prisoner whose complaint was "frivolous" because it "lack[ed] an arguable basis in law or fact.")).

Because the plaintiff has not paid the filing fee, it appears that he seeks leave to proceed IFP. Because he has not yet filed a proper motion, there is not sufficient information to determine whether leave to proceed IFP should be granted. Consequently, any mandatory judicial screening has not yet been completed, and no service of process has been ordered. The plaintiff's pre-service motion for summary judgment is unnecessary and premature until a determination has been made regarding whether he may proceed with this action, and it has been served. Accordingly, in the interests of judicial economy, the motion is ordered unfiled. In addition, it is hereby **ORDERED** that:

1. Formal service of process shall be withheld pending completion of judicial screening as provided by 28 U.S.C. § 1915(e)(2).

2. Except as provided in the *Notice of Deficiency and Order* dated April 17, 2017 (doc. 4), or any other order of the Court, no pleadings or motions may be filed without prior Court approval.

3. All discovery in this case is stayed until after service on the defendant has been ordered.

4. The individual plaintiff must immediately notify the Court of any change of address by filing a written "Notice of Change of Address" with the Clerk. The notice should contain only information about the change of address and its effective date; it must not contain any motions for any other relief.

5. Failure to comply with this order may result in the dismissal of your suit under Federal Rule of Civil Procedure 41(b).

**SO ORDERED** on this 2nd day of June, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE