# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MARLON GREEN, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-1032-D (BH) |
| | ) | |
| STATE FARM, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening. Before the Court are the plaintiff's *Motion; Proceed to Trail [sic] Petition for Summary Judgement* and unsigned *Application to Proceed in District Court Without Prepaying Fees or Costs*, both filed July 28, 2017 (docs. 12, 13). Based on the relevant filings, evidence, and applicable law, the post-judgment motions should be construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

## I. BACKGROUND

The plaintiff filed a complaint seeking damages for an automobile accident that happened on April 17, 2017. (*See* doc. 3 at 1.)[1] By *Notice of Deficiency and Order* dated April 17, 2017, he was notified that his complaint did not comply with Fed. R. Civ. P. 8(a), and he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.)[2] Attached to the order were copies of his complaint, Rule 8, and a form IFP application. *See id.* The order specifically advised the plaintiff that he must file an amended complaint and either pay the filing fee

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Included with the original complaint was a request to move a case pending in state court in New Orleans, Louisiana, to the federal district court in Dallas. (*See* doc. 3 at 4-5.) To the extent that the plaintiff was attempting to remove the Louisiana state action, a case in state court must be removed to the federal court in the district where the state action is pending. *See* 28 U.S.C. § 1441(a). It cannot be removed to a federal district court in a different state. *See id.*

or file his IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* The plaintiff did not timely file an amended complaint, pay the filing fee, file an IFP motion, or file anything else.

On May 15, 2017, it was recommended that the case be dismissed for failure to prosecute or follow court orders under Fed. R. Civ. P. 41(b) unless the plaintiff submitted an amended complaint and the filing fee or an IFP motion within the fourteen-day period for objecting to the recommendation, or some other deadline set by the court. (*See* doc. 5.) On June 1, 2017, the plaintiff filed a motion for an unspecified extension of time due to his health and for summary judgment. (*See* doc. 6.) The recommendation that the case be dismissed was vacated, and he was granted a fourteen-day extension of time to file an amended complaint and either pay the filing fee or file his IFP application on June 2, 2017. (*See* doc. 7.) That order specifically advised the plaintiff that failure to file an amended complaint and either pay the filing fee or file his IFP application within fourteen days could result in the dismissal of his case. (*Id.*) The plaintiff did not timely file anything, and it was again recommended that the case be dismissed under Rule 41(b) on June 22, 2017. (*See* doc. 8.)

On July 3, 2017, the plaintiff filed an "Exhibit Packet: Consolidated", but he did not file an amended complaint and either pay the filing fee or file an IFP motion. (*See* doc. 9.)[3] On July 20, 2017, the recommendation was accepted, and the case was dismissed without prejudice for failure to prosecute or follow court orders. (*See* docs. 10, 11.)

On July 28, 2017, the plaintiff filed an unsigned and incomplete IFP motion and a motion

---

[3] Based on the packet, there appears to be no connection to the Dallas Division of the Northern District of Texas. The accident appears to have occurred in Louisiana, the plaintiff's insurance company paid the claim in Louisiana, and the plaintiff lives or works in Denton, Texas. (*See* doc. 9 at 6, 9, 15; doc. 13 at 5.) The City of Denton is located in Denton County, which is in the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. 124(c)(3).

for trial and summary judgment, but he has still not filed an amended complaint or otherwise complied with the Court's orders. (*See* docs. 12, 13.)

### III. RULE 60(b)

The plaintiff's motions may be liberally construed as an attempt to reopen this closed case that would fall under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dept. of Criminal Justice, Institutional Div.* 79 F.App'x 61, 62, (5th Cir. 2003) (construing prisoner's motion to reopen § 1983 civil rights action that had been dismissed under Rule 41(b) as arising under Rule 60(b)) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir.1998)).

Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6).

The plaintiff's motions do not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. They may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a

3

means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, the plaintiff's motions provide no basis for relief under Rule 60(b)(6). He has not explained his repeated failures to timely comply with the orders to file a complaint that complies with Rule 8 and to either pay the full filing fee or file an IFP motion, and he has still not complied. His IFP motion is unsigned and incomplete. The plaintiff has not alleged, much less shown, exceptional or extraordinary circumstances such that denial of the Rule 60(b) motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions); *see also Vinzant v. Kenndy*, 242 F. App'x 134, (5th Cir. 2007) (affirming denial of Rule 60(b) motion seeking relief from Rule 41(b) judgment despite the plaintiff's allegations of negligence).

4

## IV. RECOMMENDATION

The plaintiff's motions should be construed as request to reopen his case under Rule 60(b), and **DENIED.**

**SO RECOMMENDED** on this 7th day of August, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE